UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 730 I STREET INVESTORS, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois Corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | No. 2:19-CV-00040-JAM-CKD<br><br>**ORDER DENYING MOTION TO STRIKE** |

    This case arises from a dispute over the amount of an insurance payment owed to Plaintiff 730 I Street Investors ("Investors" or "Plaintiff") by Defendant Evanston Insurance Company ("Evanston" or "Defendant") for damage to a building owned by Investors. Investors sued for breach of contract and bad faith for Evanston's failure to pay the full loss amount and for Evanston's alleged exploitation of an inflated valuation to avoid the payment and subsequently demand an appraisal.

    Evanston moves to strike certain allegations in the complaint. Mot., ECF No. 5. Investors opposes the motion. Opp'n, ECF No. 9.

1

For the reasons set forth below, this Court DENIES Defendant's motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This Court presumes the parties are familiar with the factual allegations related to this motion as well as the procedural background leading to this motion and will, therefore, not summarize them here.

## II. OPINION

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), rev'd on other grounds, 510 U.S. 517 (1994). " 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Motions to strike are generally viewed with disfavor, and will normally be denied unless the allegations have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380, 1382 (3d. ed., April 2019

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 19, 2019.

2

update).

Evanston argues the allegations in the Complaint regarding mediation and the "White waiver" are immaterial and impertinent, and should be stricken. This Court disagrees. The Complaint alleges that Evanston and Investors were engaged in mediation and had a White waiver in place when Evanston served Investors with its Demand for Appraisal. Compl. ¶¶ 23-26. This Court cannot, at this time, say these events and circumstances are "immaterial" or "impertinent" to the issues or Investors' claims, particularly its claim of bad faith. Nor does this Court find the allegations prejudicial. Evanston may move to exclude evidence of mediation or settlement negotiations under the applicable evidentiary rule at a later stage of the litigation.

### III. ORDER

For the reasons set forth above, this Court DENIES Defendant's Motion to Strike. ECF No. 5.

IT IS SO ORDERED.

Dated: April 24, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE