UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 730 I STREET INVESTORS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois Corporation; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:19-CV-00040-JAM-CKD<br><br>**ORDER DENYING MOTION TO DISMISS; ORDER COMPELLING APPRAISAL AND STAYING ACTION PENDING APPRAISAL** |

This case arises from a dispute over the amount of an insurance payment owed to Plaintiff 730 I Street Investors ("Investors" or "Plaintiff") by Defendant Evanston Insurance Company ("Evanston" or "Defendant") for damage to a building owned by Investors. Investors and Evanston purportedly agreed the amount of loss was $2,901,648.52, but disagreed as to the value of the building. Evanston's valuation of the building triggered the "coinsurance penalty" provision of the insurance policy, meant for under-insured property. Accordingly, Evanston reduced its insurance payment to Investors to $1,552,154.79.

1

Investors sued Evanston for breach of contract and insurance bad faith for Evanston's failure to pay the full loss amount; for Evanston's alleged exploitation of an inflated valuation to avoid the payment; and for Evanston's subsequent demand for an appraisal. Evanston moves to dismiss the complaint, or in the alternative stay the action pending appraisal. Mot., ECF No. 4. Investors opposes the motion. Opp'n, ECF No. 8.

For the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART Defendant's motion.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This Court presumes the parties are familiar with the events leading up to this motion, and will, therefore, not summarize them here.

II. OPINION

A. Judicial Notice

Evanston asks this Court to take judicial notice of the at-issue Insurance Policy and Evanston's November 15, 2018 Demand for Appraisal. RJN, ECF No. 4-3. These documents are not proper subjects for judicial notice. Fed. R. Evid. 201. However, Evanston's arguments are actually grounded in the incorporation by reference doctrine, not judicial notice. See RJN. Judicial notice and incorporation by reference, which are distinct but often conflated, both permit a court to consider materials

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 19, 2019.

2

outside the pleadings when assessing the sufficiency of a complaint on a motion under Rule 12(b)(6). See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018); see also Hsu v. Puma Biotechnology, Inc., 213 F. Supp. 3d 1275, 1280-82 (C.D. Cal. 2016). Under the incorporation by reference doctrine, this Court finds it appropriate to consider both the Insurance Policy (ECF No. 4-4, Exhibit B, at 20-107) and the Demand for Appraisal (ECF No. 4-4, Exhibit C, at 109-111) for purposes of this Motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

Moreover, this Court rejects Investors' argument that the Demand for Appraisal is inadmissible and ineffective because the parties had a White waiver in place. RJN Opp'n, ECF No. 8-1. In White, the California Supreme Court held that California's statutory litigation privilege does not bar the admission of settlement offers made after the commencement of litigation if introduced to establish a breach of the covenant of good faith and fair dealing, rather than to establish underlying liability. White v. W. Title Ins. Co., 40 Cal. 3d 870, 888 (Cal. 1985). But the Demand for Appraisal was not a settlement offer; it was a contractually bargained-for demand for an appraisal process given the parties' differing valuations of the building. The Court's decision here does not foreclose the later admissibility of the Demand for Appraisal to demonstrate Evanston's alleged bad faith.

    B.    Appraisal as Condition Precedent to Suit

Evanston argues the action should be dismissed because Investors failed to comply with the Appraisal Provision of the Insurance Policy, a condition precedent to suit. Indeed, the Insurance Policy prohibits suit against Evanston unless there has

been full compliance with the policy's Commercial Property Coverage Part, which includes the Appraisal Provision. Insurance Policy at 88 ("No one may bring a legal action against us under this coverage Part unless . . . There has been full compliance with all of the terms of this Coverage Part . . ."). On November 15, 2018, Evanston served Investors with a "written demand for an appraisal of the value of the property and amount of loss." Demand for Appraisal at 110; Compl. ¶ 24. The appraisal process, once triggered, is mandatory. Insurance Policy at 80 ("In this event, each party *will* . . .") (emphasis added). Despite Evanston's purported demand, Investors has not engaged in the appraisal process described in the Insurance Policy.

The Insurance Policy contains the following Appraisal Provision: "If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding." Insurance Policy at 80. The Insurance Policy covers the "Building" at 730 I Street in Sacramento, CA up to a limit of $3,000,000. Id. at 66. The Policy further provides that "[Evanston] will determine the value of the Covered Property in the event of loss or damage as follows . . . At actual cash value as of the time of loss or damage . . ." Id. at 82.

4

As a preliminary matter, this Court agrees with Investors that Evanston has no statutory right to appraisal under California Insurance Code section 2071 because that code section, on its face, relates to fire insurance. Cal. Ins. Code § 2071. Any right to appraisal raised by Evanston must be grounded in the Appraisal Provision of the Insurance Policy.

Investors argues that Evanston misuses the Appraisal Provision by seeking to apply it to a dispute over the coinsurance penalty (to which it would not apply) and for an appraisal of the value of the property, rather than the bargained-for "appraisal of loss." This Court agrees that Evanston cannot shoehorn a disagreement over the coinsurance penalty into being a disagreement over "the amount of loss." Indeed, Evanston allegedly agreed the amount of loss was $2,901,648.52. Compl. ¶ 15.

Nevertheless, the Appraisal Provision still applies. The true disagreement between Evanston and Investors is the value of the building (the "Covered Property"): Evanston values the building at $10.124 million (Id. ¶ 18) and Investors believes either the building's value cannot be parsed apart from the land or its implied value is less than $1 million (Id. ¶ 22). This disagreement, over "the value of the property," falls within the scope of the Appraisal Provision.

While insurance policies have special features, they are still contracts subject to the fundamental rules of contractual interpretation. See, e.g., Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (Cal. 1995). The Appraisal Provision provides that if the parties "disagree on the value of the property or the

5

amount of loss, either may make written demand for an appraisal of the loss." Insurance Policy at 80.

Investors urge a reading of the Appraisal Provision such that the demand for an "appraisal of the loss" can only result in an appraisal of "the amount of loss," which in this case was undisputed. But that reading fails to give full meaning to the Appraisal Provision and would render portions superfluous. Specifically, under Investors' reading, even if the parties agreed on "the amount of loss" but disagreed on "the value of the property" (as is the case here), one party could still request an appraisal to determe the undisputed "amount of loss" but not the disputed "value of the property." Such a reading is untenable.

Instead, the better reading, which this Court adopts, is that "the loss" (determined by the appraisal) incorporates both "the amount of loss" and "the value of the property." Indeed, the appraisal process provides that, in determining "the loss," the appointed appraisers "will state separately the value of the property and amount of loss." As such, giving full reading to the provision, a disagreement about the value of the property (as exists here) permits a party to demand an appraisal (as Evanston did here), and such an appraisal will yield both "the value of the property" and "the amount of loss" (together, "the loss").

Thus, this Court finds the Appraisal Provision applies to the dispute at issue and has been triggered. The plain meaning of the Insurance Policy indicates that compliance with the appraisal provision is a condition precedent to filing any action. As such, the Insurance Policy bars Investors' suit until it has complied with the Appraisal Provision.

Nevertheless, as discussed below, a stay of this litigation is the better course to follow than dismissal under the circumstances.

C. Stay of the Action

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). "However, while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). For example, "if there is even a fair possibility that the stay . . . will work damage to some one else," the stay may be inappropriate absent a showing by the moving party of "hardship or inequity." Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). Moreover, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, 593 F.2d at 864.

This Court finds a stay pending completion of the appraisal process described in the Insurance Policy is appropriate here. This stay will not damage or create hardship for either party.

The bargained-for appraisal process will provide a set value of the building, and thereby give the parties clarity on the applicability of the coinsurance provision and additional payments, if any, owed by Evanston to Investors. On the other hand, Investors may suffer inequity if the action is dismissed, rather than stayed. The Insurance Policy has a two-year statute of limitations on the commencement of legal action related to its coverage. Insurance Policy at 87. The loss at issue allegedly occurred on July 6, 2017. Compl. ¶ 1. Thus, if the appraisal process went beyond July 6, 2019, Investors might not be able to bring suit.

This Court will not, however, allow the stay to continue indefinitely. An appraisal provision in an insurance policy constitutes an agreement for contractual arbitration, and a court has the power to compel such arbitration. See, e.g., Lambert v. Carneghi, 158 Cal. App. 4th 1120, 1129 (Cal. Ct. App. 2008); see also Garner v. State Farm Mut. Auto. Ins. Co., Case No. 4:08-cv-01365-CW, 2008 WL 2620900, at *3, n.3 (N.D. Cal. June 30, 2008). Thus, while this Court is confident the parties will cooperate and effectuate the terms of the Appraisal Provision within a reasonable time, this Court nevertheless compels the parties to undergo the appraisal process described in the Insurance Policy as instructed in its Order below.

Additionally, this Court rejects Investors' argument that its request for a declaration of the parties' rights under the Insurance Policy, in particular the coinsurance provision, should proceed. The declaratory relief requested does not implicate a question of statutory construction at the heart of the case;

rather, the appraisal will clarify the parties' obligations under the Insurance Policy. See Pivonka v. Allstate Ins. Co., Case No. 2:11-cv-1759-GEB-CKD, 2011 WL 6153611, at *4 (E.D. Cal. Dec. 12, 2011)

Finally, in reaching its decision here, the Court has considered Investors' argument that Evanston allegedly manufactured this false dispute over the building's value, using an inflated appraisal, to avoid paying the policy benefits it owes based on the loss amount to which it had agreed. But this Court cannot resolve these issues until the parties follow proper procedures under the Insurance Policy, namely compliance with the appraisal process.

Thus, this Court compels the parties to undergo the appraisal process described in the Insurance Policy and stays this action until the completion of that process.

### III. ORDER

For the reasons set forth above, this Court GRANTS Defendant's request to compel appraisal and stay the action and DENIES Defendant's motion to dismiss the complaint. ECF No. 4.

Accordingly, this Court ORDERS that, within sixty days of this Order, the parties jointly file a statement with this Court setting forth (1) the date upon which the parties completed the appraisal process; and (2) the resulting calculation of the value of the building and the amount of the loss. The parties are to execute the appraisal process in accordance with the Insurance

Policy's Appraisal Provision.

This action is STAYED until further order of this Court.

IT IS SO ORDERED.

Dated: April 24, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE